BOUDIN, Circuit Judge,
concurring.
At Sawyer’s original trial, the government urged a view of honest services mail fraud that allowed the jury to convict by finding a violation of either the gift or the gratuity ban under Massachusetts state law. We reversed his conviction on this charge because the instructions allowed the jury to convict without finding that Sawyer had the intent to affect any official act of any legislator who received the benefits that Sawyer was conferring. United States v. Sawyer, 85 F.3d 713, 729 (1st Cir.1996). However, the decision also rejected Sawyer’s claim to a directed acquittal; we found that the evidence was sufficient to convict him under the mail fraud statute. Id. at 731, 733-34.
On remand, Sawyer chose to plead to a single count of mail fraud set forth in an information which did not refer to state law, and he received a sentence that included no time in jail. Thereafter, the Massachusetts Supreme Judicial Court— following the Supreme Court’s construction of the federal gratuity state in United States v. Sun-Diamond Growers of California, 526 U.S. 398, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999) — construed the state gratuity statute in a way that would have made it harder for the government to *50 prove that the benefits conferred by Sawyer violated the state statute. Scaccia v. State Ethics Comm’n, 431 Mass. 351, 727 N.E.2d 824, 827-28 (2000).
In the coram nobis proceeding below, the district court ruled, and Sawyer now argues on appeal, that Sawyer’s extant conviction for mail fraud (based on his guilty plea) rests on a legal error, namely, the premise that his favors to state legislators violated the state gratuity statute as narrowed by Sun-Diamond and Scaccia. But Sawyer’s conviction does not rest on this premise in any meaningful way. Sawyer was convicted on his own plea of guilty to the federal mail fraud statute; there was an adequate basis for the plea without regard to whether he violated the state gratuity statute; and nothing in Sun-Diamond has been shown to undermine a plea of guilty to a statute not even addressed in Sun-Diamond.
To justify Sawyer’s guilty plea, it was enough that the government pointed to evidence, or proffered facts, that would furnish a rational basis for the plea. Fed. R.Crim.P. 11; United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir.2000). The government did so by pointing to the favors Sawyer conferred on state legislators and to their context. This was the same evidence that our earlier decision in Sawyer had already said not only colorably might, but actually would, permit a jury to convict Sawyer of mail fraud. It is hard to imagine a more secure basis for accepting a plea.
The district court’s coram nobis decision treats the guilty plea as if it somehow rested on the same legal theory that the government had pressed at the first trial, equating a violation of the state statutes with a violation of the federal mail fraud statute. United States v. Sawyer, 74 F.Supp.2d 88, 98-99 (D.Mass.1999). But that was the very theory that had been rejected by this court before the plea. No one — district court, government, or Sawyer — would have thought that this equation could have been pressed at a second trial or comprised the basis for the new plea. The constant element was not the theory earlier advanced; it was the benefits Sawyer conferred.
It is possible, perhaps even likely, that the evidence submitted at the first trial woiild not, under Sun-Diamond and Scaccia, permit a federal or state jury to convict Sawyer of a gratuity statute violation. On this assumption, Sawyer might have argued in the coram nobis proceeding that the mail fraud statute should not be read more broadly than the gratuity statute and that, therefore, the same evidence could not justify his conviction under the mail fraud statute. But, of course, the mail fraud statute is quite differently worded, and' Sawyer has not made any such argument. In sum, the guilty plea does not rest on a legal error.
Nothing in the panel opinion in the present case should be taken as endorsing a broad construction of the mail fraud statute as applied to lobbyists’ favors. Our original Sawyer decision reflects this court’s abiding concern about a too generous reading of the mail fraud statute as applied to hitherto routine, if highly unattractive, lobbying activities. Sun-Diamond, although it does not invalidate Sawyer’s conviction under a different statute, suggests that the Supreme Court shares some of the concerns that animated the original Sawyer decision. See Sun-Diamond, 526 U.S. at 406-07, 119 S.Ct. 1402.
As for the evidence against Sawyer, its strength should not be overstated; the original Sawyer decision said only that conviction of Sawyer under the mail fraud statute was not impossible, 85 F.3d at 731, 733-34. Sawyer himself, not here as a candidate for an award for civics, is entitled at least to this acknowledgment: that no one knows just what a properly instructed jury would have done if the government had chosen to retry him for mail fraud after our earlier decision in Sawyer — which is presumably why he and the government entered into the one-count *51 plea agreement that avoided jail for Sawyer.